UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMERALDA JACARANDA MONTANO ANAYA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>　　　　　Defendant. | Civil No. 14cv1260 L (BGS)<br><br>**ORDER REMANDING THIS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

Defendant Lowe's Home Centers, LLC removed this action from the Superior Court of the State of California, in and for the County of Imperial by invoking the Court's diversity jurisdiction.

**1.　Legal Standard**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); see also *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992);

1 *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*,
2 856 F.2d 1375, 1380 (9th Cir.1988). "The strong presumption against removal jurisdiction
3 means that the defendant always has the burden of establishing that removal is proper." *Gaus*,
4 980 F.2d at 566; *see also Nishimoto v. Federman–Bachrach & Assoc.*, 903 F.2d 709, 712 n. 3
5 (9th Cir.1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is
6 any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

7      Although there has not been a request to remand, it is well-established that "a district
8 court's duty to establish subject matter jurisdiction is not contingent upon the parties'
9 arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc*., 360 F.3d 960, 966 (9th
10 Cir.2004). Courts may consider the issue sua sponte. *Demery v. Kupperman*, 735 F.2d 1139,
11 1149 n. 8 (9th Cir.1984). Indeed, the Supreme Court has emphasized that "district courts have an
12 'independent obligation to address subject-matter jurisdiction sua sponte.'" *Grupo Dataflux v.*
13 *Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*,
14 300 F.Supp.2d 964, 972 (E.D.Cal.2004)).

15      "A federal court has jurisdiction over the underlying dispute if the suit is between citizens
16 of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs
17 (*i.e.*, diversity jurisdiction)." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102,
18 1106 (9th Cir. 2010) (citing 28 U.S.C. § 1332(a)). "[I]n a case that has been removed from state
19 court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent
20 of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to
21 prove, by a preponderance of the evidence, that removal is proper." *Id.* at 1106–07 (citing *Gaus*,
22 980 F.2d at 567).

23 **2.    Discussion**

24      As to the first prong, Plaintiff is a citizen and resident of California. Defendant is a
25 limited liability corporation. "[A]n LLC is a citizen of every state of which its owners/members
26 are citizens."  Defendant is a "manager-managed limited liability corporation with its only
27 member being Lowe's Complanies, Inc. Lowe's Companies, Inc. is a North Carolina corporation
28 and is incorporated in North Carolina with its principal place of business in North Carolina."

(Notice of Removal at 4.) Complete diversity of citizenship exists between plaintiff and defendant.

As to the amount in controversy, "[w]here the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.'" *Id.* (quoting *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir.2000)). But in an action that has been brought in the California state court, the amount in controversy is not facially evident from the complaint. The removing party therefore must "prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Merely stating conclusory allegations that the amount in controversy exceeds $75,000 is not sufficient. *Valdez v. Indemnity Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996).The Court may consider "any summary judgment type evidence relevant to the amount in controversy at the time of the removal and facts presented in the removal papers to decide if the burden is met." *Id.*

In her complaint, plaintiff alleges two causes of action: general negligence and premises liability. She seeks compensatory damages for loss of wages, hospital and medical expenses, loss of earning capacity, and general damages, but not punitive damages. (Notice of Removal, Exh. A.) While in state court, defendant requested, under California Code of Civil Procedure § 425.11, a statement setting forth the nature and amount of damages sought in the action. (Notice of Removal, Exh. D.) In response, plaintiff stated she is claiming all medical expenses to date and future medical expenses; lost earnings/earning capacity; and general damages for pain, suffering inconvenience, and emotional distress. No particular dollar amount was provided.

At the time the Notice of Removal was filed, the total amount of medical charges incurred by plaintiff is $20,747.21. Although plaintiff suggests that additional medical treatment, including the possibility of surgery, may be required, it is important to emphasize that plaintiff has not yet alleged that she has or will have additional medical expenses that would eclipse the

current medical charges.

As previously noted, plaintiff also is making a claim for lost earnings. At the time of the incident, plaintiff's monthly income was 15,800 pesos, approximately $1,224.77.  Plaintiff was off work for approximately two months – from November 17, 2013 through early to mid January 2014. As a result her lost earning are approximately $2,449.54. Again, it is significant to recognize that any other lost earning figure is, at most, a potential injury that plaintiff has not yet sustained and may never sustain.

The amount in controversy based on medical charges incurred and lost income is $23,196.75. But defendant contends that the general damages for pain and suffering "would likely far exceed her claims for special damages." (Notice of Removal at 10.) The Court disagrees.

Here, defendant relies on reported jury verdicts from premises liability cases in an attempt to show that the amount in controversy exceeds $75,000. (Notice of Removal at 10–12.) Although of some minimal value, jury verdicts do not represent the kind of " summary judgment type evidence" that bolster's defendant's assertions that the amount in controversy on plaintiff's claim for general damages is in excess of $50,000.00. The sufficiency of the facts and evidence submitted in support of defendant's contention that plaintiff's emotional distress, pain and inconvenience damages, along with the current lost wages and medical charges, could boost the amount in controversy in this case past $75,000 are conclusory and speculative.

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. *See . Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.2004)("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, [defendant] should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation marks and citations omitted). Plaintiff has failed to do so.

/ / /

**3.     Conclusion**

Based on the foregoing, the Court lacks subject matter jurisdiction over this matter, and therefore, remands this action to the Superior Court of the State of California, in and for the County of Imperial,

**IT IS SO ORDERED.**

DATED: May 27, 2014

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL